■ In the Matter of APAR REALTY CORP., Appellant, v

DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. —Order, Supreme Court, New York County (Helen Freedman, J.), entered June 6, 1990, which denied a CPLR article 78 petition seeking review of an order of respondent-respondent Division of Housing and Community Renewal (DHCR) dated April 17, 1989, whereby petitioner's application to reopen an administrative determination was denied, unanimously affirmed, without costs.

By order entered on May 16, 1988, the IAS Court denied an article 78 petition whereby petitioner-landlord sought judicial review of a DHCR determination upholding a rent overcharge determination on the basis of section 42 (A) of the Code of the Rent Stabilization Association of New York City, Inc. In that order, the IAS Court noted: "Should the past leases become available, petitioner may seek a de novo hearing before the Rent Administrator." On the basis of this language, the landlord now argues that DHCR was required to re-open the case on the landlord's presentation of summary rent ledgers.

The IAS Judge plainly required the landlord to seek de novo review on the basis of "past leases". DHCR was within its discretion in declining to accept a belatedly presented rent ledger as a substitute (see, *Matter of East 55th St. Joint Venture v Division of Hous. & Community Renewal,* 162 AD2d 305, *lv denied* 77 NY2d 802). Concur—Carro, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.